IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.      1:14-CR-139 (GLS) |
| | ) | |
| **v.** | ) | **GOVERNMENT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| **RICHARD HASTINGS,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## I.      INTRODUCTION AND FACTUAL BACKGROUND

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a sentence within the United States Sentencing Guidelines ("U.S.S.G.") advisory guidelines range.  The government adopts the facts as set forth in the Presentence Investigation Report ("PSIR") prepared in this matter by the United States Probation Office.

## II.      APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

### a.  Statutory Maximum Sentence

The defendant's conviction under Count One of the Indictment for production of child pornography in violation of 18 U.S.C. § 2251(a) and (e) subjects him to a statutory maximum term of imprisonment of 30 years pursuant to 18 U.S.C. § 2251(e), a mandatory minimum term of imprisonment of 15 years pursuant to 18 U.S.C. § 2251(e), a maximum term of supervised release of life pursuant to 18 U.S.C. 3583(k), a mandatory minimum term of supervised release of 5 years pursuant to 18 U.S.C. § 3583(k), and a maximum fine of $250,000 pursuant to 18 US.C. § 2242A(b)(1).

The defendant's conviction under Count Two of the Indictment for possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A) subjects him to a statutory maximum term of imprisonment of 20 years pursuant to 18 U.S.C. § 2252A(b)(2), a maximum term of supervised release of life pursuant to 18 U.S.C. § 3583(k), a mandatory minimum term of supervised release of 5 years pursuant to 18 U.S.C. § 3583(k), and a maximum fine of $250,000 pursuant to 18 U.S.C. § 2242A(b)(1).

Multiple sentences of incarceration may be imposed consecutively. 18 U.S.C. § 3584(a). The defendant will be required to pay a special assessment of $100 for each count of conviction. 18 U.S.C. § 3013(a)(2)(A).

The defendant will be subject to an order of forfeiture for a Dell Inspiron laptop computer bearing serial number 68KKLT1, as set forth in the Indictment. The defendant will also be subject to an order pursuant to the mandatory restitution provisions of 18 U.S.C. § 2259(b) directing him to provide restitution to the victims of his offenses, namely the minors depicted in the images and videos involved in his criminal activity.

In addition, under the Sex Offender Registration and Notification Act, the defendant, as a result of the convictions in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student. For initial registration purposes, the defendant must also register in New York as a result of this conviction, even if the defendant resides in a different jurisdiction.

### b. Guidelines Provisions

The government adopts the offense-level computations, criminal-history score, and advisory guidelines range stated in the PSIR. Specifically, the total offense level is a 43 and the

defendant's criminal history score is zero, placing him within Criminal History Category I. Accordingly, the advisory guidelines range for the defendant is a term of incarceration of 600 months (guidelines range of life, pursuant to U.S.S.G. § 5A, is capped by statutory maximum penalty) and a fine of $25,000 to $250,000 (U.S.S.G. § 5E1.2).   In addition, the government adopts the PSIR's recommendation of a term of supervised release of life.  U.S.S.G. 5D1.2(b).

### III.    GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment, fine, and term of supervised release within the U.S.S.G. advisory guideline range.   The sentence that the government recommends here is sufficient but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2).

Respectfully submitted this 17th day of June, 2015.

RICHARD S. HARTUNIAN
United States Attorney

By:     */s/ Sean O'Dowd*
Sean O'Dowd
Assistant United States Attorney
Bar Roll No. 518067