IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:13-CR-139 (GLS) |
| | ) | |
| **v.** | ) | **GOVERNMENT'S SECOND** |
| | ) | **SENTENCING MEMORANDUM** |
| **RICHARD HASTINGS,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its second sentencing memorandum to further address issues relating to restitution. The defendant has informed the government that it will consent to entry of an order of restitution in the amount of $2,000.00 for the victim identified as "Angela." For the reasons that follow, the government respectfully submits that this restitution figure is appropriate in this case.

Restitution from a defendant convicted of an offense under Chapter 110 of Title 18 of the United States Code, which includes production and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(a)(5)(B), and 2256(8)(A), is governed by 18 U.S.C. § 2259. That statute provides that "[t]he order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court . . . ." 18 U.S.C. 2259(b)(1). The statute defines "full amount of the victim's losses" to include any costs incurred by the victim for:

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

  (D) lost income;

  (E) attorney's fees, as well as other costs incurred; and

  (F) any other losses suffered by the victim as a proximate result of the offense.

*Id*. at § 2259(b)(3).

  In *Paroline v. United States*, 134 S. Ct. 1710 (2014), the Supreme Court addressed the proper means of determining restitution owed by a convicted possessor of child pornography to a victim whose image(s) the offender possessed. *Paroline* held that "a court applying section 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses." *Id*. at 1727. The Court was particularly concerned with ensuring that district courts set restitution at an amount that best reflects the defendants' causal role in the harm that the victim suffered, not as a result of the production of child pornography (where, as here, the defendant played no role in such production), but rather as a result of the subsequent possession, downloading, and/or distribution of the pornography that depicts his or her abuse.

  *Paroline* then offered guidance about "how district courts should go about determining the proper amount of restitution" under § 2259. *Id*. The decision stated that "a [district court] must assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses." *Id*. at 1727-28. It recognized, however, that "[t]his cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment." *Id*. at 1728. The Court offered "a variety of factors district courts might consider in determining a proper amount of restitution," but refrained from "prescrib[ing] a precise algorithm for determining the proper restitution amount . . . ." *Id*. The

Court noted that these factors "need not be converted into a rigid formula," but instead should "serve as rough guideposts for determining an amount that fits the offense." *Id*.

The Court suggested that "district courts might, as a starting point, determine the amount of the victim's losses caused by the continuing traffic in the victim's images . . . then set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses." *Id*. It then provided the following as a non-exhaustive list of factors:

- the number of past criminal defendants found to have contributed to the victim's general losses;
- reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses;
- any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted);
- whether the defendant reproduced or distributed images of the victim;
- whether the defendant had any connection to the initial production of the images;
- how many images of the victim the defendant possessed; and
- other facts relevant to the defendant's relative causal role.

*Id*.

The *Paroline* Court conceded that the approach it described "is not without its difficulties" and "involves discretion and estimation." *Id*. at 1729. It emphasized the "wide discretion" that "[d]istrict courts routinely exercise . . . in fashioning restitution orders." *Id*.

Before the Court is a restitution request made by a victim whose images were distributed by the defendant. This victim is the subject of the child pornography series "Angela," and whom

her attorney calls "Angela."  The PSIR contains this victim's submission, which includes, *inter alia*: (1) a June 3, 2014 letter to the Court from her attorney, Marc C. Lenahan, Esq.; (2) an affidavit from Mr. Lenahan; (3) a psychological evaluation summary for "Angela"; and (4) Victim Impact Statements from "Angela's" mother.

Through counsel, "Angela" requests a restitution order of between $12,100.20 and $16,520.20.  As set forth in her attorney's submissions, "Angela" asserts total covered losses of between $366,000 and $587,000.  As of May 15, 2015, according to the Department of Justice's Child Exploitation and Obscenity Section, "Angela" had received 106 restitution awards in a median amount of $2,000.00.

The victim has made a compelling presentation concerning the harm she has suffered and how she has been further victimized by the actions of people such as the defendant, who possessed 24 images of the victim (some of which were duplicates).  However, she does not appear to have determined the total losses suffered as a result of the subsequent possession and downloading of the pornography that depicts her abuse.  Additionally, the Court should consider that (1) the defendant has not had any communications or physical contact with "Angela" or any other victims, and did not participate in the production of the pornography depicting their abuse, (2) the images depicting "Angela's" abuse have been widely distributed and downloaded, which both increases their damages and creates more potentially liable individuals, assuming they are located and prosecuted, and (3) there is no evidence that the defendant distributed the images depicting "Angela's" abuse.

Based on the foregoing, the United States respectfully requests that the Court order the defendant to pay $2,000.00 in restitution to the victim of the "Angela" series, payable by check

to "Lenahan Law, P.L.L.C., F/B/O Angela" mailed to Mr. Lenahan's office at 2655 Villa Creek, Suite 222, Dallas, TX 75234.

Respectfully submitted this 6th day of July 2015.

RICHARD S. HARTUNIAN  
United States Attorney

By: */s/ Sean O'Dowd*  
Sean O'Dowd  
Assistant United States Attorney  
Bar Roll No. 518067